**FILED**
MAY 19 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY MUHAMMAD <br> 1917 Minnesota Avenue, S.E. <br> Washington, D.C. 20020, <br> 202-359-3517        Plaintiff <br> <br> V. <br> <br> DISTRICT OF COLUMBIA, <br> ADRIAN M. FENTY, Mayor, in His <br>   Official and Individual Capacities, <br>   The John A. Wilson Building <br>   1350 Pennsylvania Avenue, N.W. <br>   Washington, D.C. 20004 <br> DANIELLE SANTOS, Metropolitan Police <br>   Officer, in Her Official and Individual <br>   Capacities, <br>   300 Indiana Avenue, N.W. <br>   Washington, D.C. 20001 <br> CATHY LANIER, Chief of the Metropolitan <br>   Police Department, in Her Individual and <br>   Official Capacities, <br>   300 Indiana Avenue, N.W. <br>   Washington, D.C. 20001 <br> UNIDENTIFIED SUPERVISORY <br> METROPOLITAN POLICE OFFICERS | Civil Action No. _____ <br> <br> **COMPLAINT** <br> <br> **JURY TRIAL DEMAND** <br> **AS TO ALL COUNTS** <br> <br> Case: 1:08-cv-00859 <br> Assigned To : Friedman, Paul L. <br> Assign. Date : 05/19/2008 <br> Description: Civil Rights-Non-Employ. |

## INTRODUCTION

Anthony Muhammad ("Plaintiff"), a citizen of the District of Columbia, hereby asserts

the following claims against the Defendants in the above-entitled action, and requests a

jury trial on all counts:

   (1) Violations of 42 U.S.C. Section 1983;
   (2) Assault; and
   (3) Intentional Infliction of Emotional Distress.

RECEIVED
MAY - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. Sections 1331, 1337, 1343(a), and 1367; 42 U.S.C. Section 1983; and 28 U.S.C. Sections 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction, as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff Anthony Muhammad is a natural person, who was residing at 1917 Minnesota Avenue, S.E., Washington, D.C. at all times relevant to this Complaint.

4. Defendant Adrian Fenty ("Fenty"), who is a natural person, was the duly-elected Mayor of the District of Columbia at all times relevant to this Complaint.

5. Defendant Danielle Santos ("Santos"), who is a natural person, was a duly-appointed Metropolitan Police Department ("MPD") officer at all times relevant to this Complaint.

6. Defendant Cathy Lanier ("Lanier"), who is a natural person, was the duly-appointed Chief of the Metropolitan Police Department at all times relevant to this Complaint, and was responsible for the promulgation and implementation of police procedures and practices in the District of Columbia.

7. Defendant District of Columbia is a Municipal Corporation, organized under the laws of the United States Congress. It is responsible for the policies, procedures and practices implemented through its various agencies, departments and employees, and for any injuries resulting from their actions.

8. Defendant Lanier, and others not presently known to Plaintiff, were duly-

appointed Metropolitan Police officers, and were the supervisors of Defendant Santos.

9. Plaintiff brings this action against all public employees in their official and individual capacities.

10. At all times relevant to this Complaint, Defendant Santos acted toward Plaintiff under the color of the statutes, ordinances, customs, and usage of the District of Columbia and the Metropolitan Police Department.

11. On or about June 23, 2007, at approximately 4:50 p.m., Plaintiff was present at the "Georgia Avenue Day" festivities on Georgia Avenue, N.W., in Washington, D.C. Plaintiff, along with an associate, was walking in the street, heading northbound on Georgia Avenue.

12. As they were walking, Plaintiff and his associate approached a female MPD officer, who Plaintiff later learned was Officer Danielle Santos. Defendant Santos, at that time, was also in the street, and on her bike.

13. As Plaintiff neared Defendant Santos, she yelled to Plaintiff, "Get on the sidewalk!" Defendant Santos then, without provocation, and without justification, forcefully pushed Plaintiff with her hands. This act occurred in the presence of Plaintiff's associate, as well as in the presence of numerous onlookers and patrons of the "Georgia Avenue Day" events.

14. After being pushed by Defendant Santos, Plaintiff stated to her, "You don't have to push me", to which Defendant Santos replied, "I'm the police, that's why!"

15. Plaintiff was so affected by this encounter that he inquired of several other MPD officers in an effort to learn the identity and District assignment (2-D) of Defendant Santos.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983

16. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 15, above, as if they were set forth herein.

17. Defendant Santos, acting under color of law, and under the scope of her authority as a police officer, purposefully interfered with Plaintiff's liberty interests, his ability to freely exercise his right to travel on a public thoroughfare, and his quiet enjoyment of a public event.

WHEREFORE, Plaintiff demands judgment against Defendant Santos for general, special, compensatory and punitive damages in the amount of $100,000, plus the costs of this action (including attorneys' fees), and such other relief as may be deemed just and proper.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983
## REFUSING OR NEGLECTING TO PREVENT

18. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 17, above, as if they were set forth herein.

19. At all times relevant to this Complaint, Defendant Santos, as a police officer in the Metropolitan Police Department, was acting under the control and direction of Defendant Lanier, certain unnamed supervisors, and the District of Columbia, through its Mayor, Defendant Fenty. Defendant Fenty, as Mayor, has policy-making authority regarding police policy and procedures.

20. Acting under color of law, and pursuant to official policy and custom, Defendants Lanier, unidentified supervisors, and the District of Columbia knowingly, or negligently, failed to properly instruct, supervise, train, control and discipline Defendant Santos in the performance of her duties. These failures led to the environment in which Defendant

Santos felt empowered to behave in the aggressive and improper manner in which she behaved on June 23, 2007.

21. Defendants Lanier, Fenty, unnamed supervisors, and the District of Columbia are liable for the actions of Defendant Santos under the doctrine of <u>Respondeat Superior</u>.

WHEREFORE, Plaintiff demands judgment for negligence against the Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $500,000, plus the costs of this action (including attorneys' fees), and such other relief as may be deemed just and proper.

## COUNT 3: ASSAULT

22. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 21, above, as if they were set forth herein.

23. On June 23, 2007, Defendant unlawfully pushed Plaintiff in an aggressive and menacing manner. Plaintiff was simply walking in the street at the time that he was forcibly pushed (assaulted) by Defendant Santos. At no time, did Plaintiff act or speak to Defendant Santos in an aggressive or disrespectful manner, nor did Plaintiff disobey any lawful police order. There were no circumstances under which it was necessary for Defendant Santos to push Plaintiff as a means of performing her duties.

WHEREFORE, Plaintiff demands judgment for assault against Defendant Santos for general, special and punitive damages in the amount of $100,000, plus the costs of this action (including attorneys' fees), and such other relief as may be deemed just and proper.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff repeats, and incorporates by reference, the allegations contained in

Paragraphs 1 through 23, above, as if they were set forth herein.

25. Defendant Santos, by pushing Plaintiff in full view of his associate and numerous onlookers, and by speaking to Plaintiff in a disrespectful manner, caused Plaintiff great embarrassment, humiliation and emotional distress. The conduct of Defendant Santos caused Plaintiff such distress that he filed a written complaint with MPD's Office of Police Complaints within ten (10) days of this incident.

26. Defendant, by publicly humiliating and assaulting Plaintiff in an unprovoked manner, knew, or should have known, that her actions would cause Plaintiff emotional distress.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendant Santos in the amount of $100,000, plus the costs of this action (including attorneys' fees), and such other relief as may be deemed just and proper.

## **PLAINTIFF'S REQUESTS FOR RELIEF**

Plaintiff requests that this Honorable court grant the following relief:

1. Issue total judgment against Defendants District of Columbia, Fenty and Lanier, jointly and severally, for actual, general, special, and compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000), plus the costs of this action, including attorneys' fees.

2. Issue judgment against Defendant Santos for compensatory, special and punitive damages in the amount of Three Hundred Thousand Dollars ($300,000) on the applicable counts, plus the costs of this action, including attorneys' fees.

3. Issue a Declaratory Judgment, finding that Defendant violated Plaintiff's Constitutional rights under the Fourth Amendment.

4. Issue an Order, directing that Defendant Santos, and the appropriate Metropolitan Police Department officials, forward a written letter of apology to Plaintiff for the conduct to which he was subjected by Defendant Santos on June 23, 2007.

5. Issue an Injunction, barring Defendant Santos from approaching, contacting or harassing Plaintiff, and/or his family, in the future.

6. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

*[signature]*
Anthony Muhammad
Plaintiff Pro Se
1917 Minnesota Avenue, S.E.
Washington, D.C. 20020
(202) 889-5168

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

L
08/859
PLF

## I (a) PLAINTIFFS
ANTHONY MUHAMMAD

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
**(EXCEPT IN U.S. PLAINTIFF CASES)**

PRO SE (N/A)

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
DC, ET AL

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00859
Assigned To : Friedman, Paul L.
Assign. Date : 05/19/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF ...)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A. Antitrust**
☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1) Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE 5.17.08   SIGNATURE OF ATTORNEY OF RECORD _NSD_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

:\forms\js-44.wpd