UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY MUHAMMAD | ) |
| Plaintiff, | ) |
| v. | ) Case: 1:08-cv-00859 |
|  | ) Judge Paul L. Friedman |
|  | ) Next Event: Answer to Complaint |
| DISTRICT OF COLUMBIA, *et al.*, | ) August 1, 2008 |
| Defendants. | ) |

### DEFENDANTS' MOTION TO DISMISS

Defendant, the District of Columbia ("the District"), Mayor Adrian Fenty ("the Mayor"), and Cathy Lanier ("Lanier"), by and through the undersigned counsel,[1] pursuant to Fed. R. Civ. P. 12(b)(6) and D.C. Code § 12-309, move this Honorable Court to dismiss the plaintiff's Complaint with prejudice as against the Defendants. The bases for this motion are:

1. Count Two of the Complaint, pursuant of 42 U.S.C. § 1983, is deficient in that it does not state a claim against any of the Defendants upon which relief can be granted.

2. Count Two of the Complaint, pursuant to 42 U.S.C. § 1983, must fail as a matter of law because:

    a. There is no *respondeat superior* liability under § 1983;

    b. Plaintiff has failed to demonstrate the existence of an official policy or practice which would render the District and the Mayor liable for the alleged violations; and

---

[1] The undersigned counsel represents the District, the Mayor, and Lanier. Counsel does not represent Defendant Santos or the unidentified supervisory officers in the above-captioned case and does not waive proper service of these unrepresented Defendants. Arguments set forth in this motion and the Memorandum of Points and Authorities apply to any and all named and yet-to-be named defendants as well.

    c. The doctrine of qualified immunity precludes a finding of liability as against Defendants Lanier and all unidentified supervisory officers.

3. For any and all reasons more fully set forth in the Memorandum of Points and Authorities attached hereto and made a part hereof.

    Respectfully submitted,

    PETER J. NICKELS
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/  Kimberly M. Johnson
    KIMBERLY M. JOHNSON [435163]
    Chief, Civil Litigation Sec. I

    /s/   Darrell Chambers
    DARRELL CHAMBERS [980872]
    Assistant Attorney General
    441 4TH Street, NW, Suite 600 South
    Washington, D.C. 20001
    202-724-6539
    e-mail: darrell.chambers@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August, 2008, copies of the foregoing Motion to Dismiss was mailed first class, postage prepaid to:

Anthony Muhammad
Plaintiff *Pro Se*
1917 Minnesota Avenue, SE
Washington, D.C. 20020

    /s/   Darrell Chambers
    DARRELL CHAMBERS
    Asst. Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY MUHAMMAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:08-cv-00859 |
| v. ) | Judge Paul L. Friedman |
| ) | Next Event:  Answer to Complaint |
| DISTRICT OF COLUMBIA, *et al.*, ) | August 1, 2008 |
| ) | |
| Defendants. ) | |
| _____) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, the District of Columbia ("the District"), Mayor Adrian Fenty ("the Mayor"), and Cathy Lanier ("Lanier"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6) and D.C. Code § 12-309 (2001 ed.), move this Honorable Court to dismiss the plaintiff's Complaint with prejudice as against the Defendants, stating:

*Introduction*

The above-captioned case arises out of a brief encounter between Plaintiff and Officer Danielle Santos of the Metropolitan Police Department. *See* Complaint generally.  On June 23, 2007, Plaintiff attended the "Georgia Avenue Day" festivities on Georgia Avenue, N.W., in Washington, D.C. *See* Complaint ¶ 11.  Officer Santos was also in attendance in her professional capacity. *See* Complaint ¶¶ 5, 12.

Plaintiff alleges that on the above date at approximately 4:50 p.m., he was walking in the street on Georgia Avenue when Officer Santos verbally directed him to walk on the sidewalk. *See* Complaint ¶ 13.  Plaintiff further alleges that Officer Santos forcefully pushed him with her hands. *See* Complaint ¶ 13.

Plaintiff's Complaint was filed with the U.S. District Court for the District of Columbia

3

on May 19, 2008, against Defendants District of Columbia, Mayor Adrian Fenty, Chief of the Metropolitan Police Department ("MPD") Cathy Lanier, several unidentified supervisory officers of the MPD, and Officer Danielle Santos. The Complaint alleges four Counts, including: (1) 42 U.S.C. § 1983 violation by Officer Santos; (2) 42 U.S.C. § 1983 violations by the District, Mayor Fenty, Lanier and unidentified supervisors; (3) Assault by Officer Santos; and (4) Intentional infliction of emotional distress by Officer Santos. *See* Complaint ¶¶ 17-26.

Plaintiff's complaint fails to state a claim against any of the named Defendants upon which relief can be granted. Defendants by and through the undersigned counsel, now move this Court to dismiss Plaintiff's Complaint with prejudice and without leave to amend.

## ARGUMENT

I.  **STANDARD OF REVIEW**

   A.  **Motions to Dismiss for Failure to State a Claim**

While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. William Twombly,* 127 S. Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*. at 1964. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.

A motion to dismiss for failure to state a claim should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987);

4

*Conley v. Gibson,* 355 U.S. 41, 45 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief). The movant is not entitled to judgment if there are allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,* 820 F.2d at 1254. As this Court has observed,

> When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." This standard follows from the "well-established practice -- endorsed by the Supreme Court forty-five years ago ... of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise."

*Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted). *See also Longwood Village Restaurant, Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001).

In the case *sub judice*, it is clear from the Complaint that Plaintiff will not prevail under any set of facts or theories of the case.

## II. COUNT TWO FAILS TO SET FORTH A COGNIZABLE CLAIM UNDER 42 U.S.C. § 1983.

Count Two of Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983. It seeks to hold the District, Mayor Fenty, Chief Lanier, and unidentified supervisory officers jointly and severally liable for policies and conduct which "led to the environment in which Defendant Santos felt empowered to behave in the aggressive and improper manner in which she behaved." *See* Complaint ¶¶ 19–21. Because Counts Two fail to state a claim upon which relief can be

granted, this Court should dismiss Plaintiff's Complaint with prejudice in favor of all Defendants[2].

    **A.    Count Two Fails to Identify the Constitutional or Statutory Rights Alleged to have been Violated.**

The pleading standard dictated by the Federal Rules of Civil Procedure is fairly liberal: all that is required of pleadings is "a short and plain statement of the claim." *See* Fed. R. Civ. P. 8(a) (2). However, this "short and plain statement" must "give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983) (*citing Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). *See also Sheridan-Wyoming Coal Co. v. Krug*, 168 F.2d 557, 559 (D.C. Cir. 1948) ("The minimum under the Rule is that the adversary party must be sufficiently advised to prepare his defense, and that the court must be sufficiently informed to determine the question presented."). Because Plaintiff has failed to state the constitutional or statutory basis of his § 1983 claims, Count Two of the Complaint should be dismissed for failure to give Defendants adequate notice of the allegations against them.

42 U.S.C. § 1983 does not confer substantive rights; it provides a remedy, that is, a private cause of action, for violations of constitutional rights and rights created by federal statute. 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

---

[2] This same argument applies to Count One of the Complaint against Defendant Santos who has yet to be served with process in this case.

Thus, in order to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: 1) the action occurred "under color of law" and 2) the action is a deprivation of either a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981). Section 1983 is available to enforce violations of the Constitution and federal statutes by agents of the state. *Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980).  It is unclear from the Complaint which constitutional or statutory right the Plaintiff alleges has been violated.

Count Two, which he asserts against the Defendants herein, fails to allege *any* constitutional or statutory violation.  While Plaintiff contends that the Defendants are liable for Plaintiff's unspecified injury through the doctrine of *respondeat superior* because the District, the Mayor, Lanier and some unidentified supervisors had "control and direction" over Officer Santos, Plaintiff makes no reference to an actual right violated. *See* Complaint ¶¶ 19–21. Despite the fact that Count Two should stand independently and thus allege which rights were violated, even when viewed in light of Count One's vague deprivation of "liberty interests, his ability to freely exercise his rights to travel on a public thoroughfare, and his quiet enjoyment of a public event," Count Two completely fails to inform the Defendants how the alleged failure to train resulted in a constitutional or statutory injury.

Where, as here, the Defendants have not been sufficiently made aware of the claims against them due to improper pleadings, the Defendants cannot appropriately respond to the Plaintiff's Complaint.  Therefore, this Court should dismiss Counts One and Two for failure to state a claim upon which relief can be granted.

## B. Defendants Mayor, Lanier, Santos and Unidentified Supervisory Officers, as Named in their Official Capacities, are not Proper Parties

Plaintiff's Complaint seeks to hold Defendants Santos, the Mayor, Lanier and the

unidentified supervisory officers liable in both "their official and individual capacities." *See* Complaint ¶ 9. Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law[3]. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Scheuer* v. *Rhodes*, 416 U.S. 232, 237–38 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell* v. *New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt*, 469 U.S. 464 (1985). In the case *sub judice*, Plaintiff names the Defendants in their official capacities in addition to separately naming the District. Since a suit against an official in his official capacity is to be treated as a suit against the District of Columbia itself, Plaintiff's Complaint against Defendants Santos, the Mayor, Lanier and the unidentified supervisory officers in their official capacities must be dismissed.

### C. Count Two Fails as Against the District, the Mayor and Lanier because Plaintiff has Failed to Establish the Existence of an Official Policy or Custom to Deprive Citizens of their Rights

In any § 1983 action against a municipality, such as the District of Columbia, the burden is on the plaintiff to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. *See, e.g., Monell*, *supra*, 436 U.S. at 690-91; *City of Canton v. Harris*, *supra*, 489 U.S. at 385; *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000); *Haynesworth v. Miller*, 820 F.2d 1245, 1271–72 (D.C. Cir. 1987); *F. E. Carter v. District of Columbia,* 14 F. Supp. 2d 97 (D.D.C. 1998). More specifically, plaintiff must demonstrate that defendant's discriminatory action was due to its maintenance of a "longstanding practice or

---

[3] Plaintiff has not alleged any facts which would allow any reasonable jury to impose liability against these Defendants in their personal capacities.

custom which constitutes the standard operating procedure of the local governmental entity." *Carter,* 14 F. Supp. 2d at 102. S*ee also Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989).  Although *Monell* allows claims based upon a well-settled municipal custom, plaintiff must "show fault on the part of the city based on a course its policymakers consciously chose to pursue." *Monell*, *supra*, at 690-91. *See also Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986).  The U.S. Supreme Court requires a plaintiff seeking to impose liability on a municipality under § 1983 to demonstrate that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).  The D.C. Circuit has equated "moving force" with "proximate cause."  *See Morgan v. District of Columbia*, 824 F.2d 1049, 1058 (D.C. Cir. 1987).

Count Two of Plaintiff's Complaint alleges that it was the "official policy and custom" of the District of Columbia *not* to "properly instruct, supervise, train, control and discipline" and that, as a result of this policy or custom, Officer Santos "felt empowered to behave in the aggressive and improper manner in which she behaved." *See* Complaint ¶¶ 20, 21.  Plaintiff's Complaint, however, offers no specific allegation which would demonstrate the existence of a policy or custom not to instruct, supervise, train, control or discipline MPD officers.  Plaintiff's Complaint hinges on the circumstance of one brief incident that allegedly occurred between Officer Santos and himself. *See* Complaint ¶¶ 12, 13.  Plaintiff makes no reference to past transgressions, a pattern of behavior, or circumstance that would result in a proper inference of poor personnel and supervisory policies.  Furthermore, Plaintiff's Complaint ignores the general and specialized orders issued under the authority of the Mayor and the District, which specifically evidence a policy to uphold the law, train and instruct officers, and supervise and

control those officers. Without evidence that the "deliberate conduct" of the District, Mayor or Lanier proximately caused Plaintiff's injuries, there can be no § 1983 liability on the part of these Defendants.

Furthermore, Plaintiff's § 1983 claim against the District, Mayor and Lanier must fail for another reason. If the government officials alleged to have committed the constitutional violations lack "final policymaking authority," their mere exercise of discretion, not in service of any municipally established policy, is insufficient to render the District liable. *Triplett*, *v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) (*quoting Jett*, *supra*, 491 U.S. at 737). Relevant case law has held that § 1983 liability cannot lie against a municipality under principles of *respondeat superior*. *See, e.g., id* (citing *Monell*, *supra*, 436 U.S. at 691); *St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988) (O'Connor, J., plurality opinion) ("If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be … *respondeat superior* liability," which *Monell* has rejected."). The only acts that count (though they may include inaction giving rise to or endorsing a custom) are ones by a person or persons who have "final policymaking authority [under] state law." *Jett*, *supra*, 491 U.S. at 737 (internal citations and quotations omitted). Plaintiff cannot meet this high burden. Plaintiff has not alleged, and cannot prove, that Defendants Santos or the other unidentified supervisory officers were such "policymaking" officials. To this extent, the District, Mayor and Lanier cannot be held liable for their discretionary actions.

Finally, Count Two of Plaintiff's Complaint fails insofar as it alleges a violation of 42 U.S.C § 1983 under the doctrine of *Respondeat Superior*." The United States Supreme Court has consistently held that "[r]*espondeat superior* or vicarious liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (*citing Monell*, 436 U.S. at 694–95). *Accord*

*Triplett*, *supra*, 108 F.3d at 1453; *Tarpley v. Greene*, 684 F.2d 1, 4 (D.C. Cir. 1982).  Thus, Count Two based on the theory of *respondeat superior* fails, as a matter of law, to state a claim upon which this Court can grant relief.

### *Conclusion*

ACCORDINGLY, Defendants District of Columbia, Mayor Adrian Fenty and Cathy Lanier request this Honorable Court grant Defendants' Motion to Dismiss and enter an Order Dismissing Plaintiff's complaint with prejudice.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August, 2008, copies of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, and proposed Order, hereto attached, were mailed first class, postage prepaid to:

Anthony Muhammad
Plaintiff *Pro Se*
1917 Minnesota Avenue, SE
Washington, D.C. 20020

                                          /s/   Darrell Chambers
                                          DARRELL CHAMBERS
                                          Asst. Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY MUHAMMAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:08-cv-00859 |
| v. ) | Judge Paul L. Friedman |
| ) | Next Event:   Answer to Complaint |
| DISTRICT OF COLUMBIA, *et al.*, ) | August 1, 2008 |
| ) | |
| Defendants. ) | |
| ) | |

## **ORDER**

Upon consideration of the Defendant District of Columbia's Motion for Summary Judgment, any Opposition thereto, the record herein, and for the reasons stated in defendant's motion it is by the Court this _____ day of _____, 2008,

ORDERED: that the defendant's Motion is GRANTED; and it is

FURTHER ORDERED: judgment is entered in favor of Defendants District of Columbia, Mayor Adrian Fenty, and Cathy Lanier.

_____
PAUL L. FRIEDMAN,
United States District Judge

Copies to:

DARRELL CHAMBERS
Office of the Attorney General
For the District of Columbia
441 4TH Street, NW, Suite 600 South
Washington, D.C. 20001

ANTHONY MUHAMMAD
Plaintiff *Pro Se*
1917 Minnesota Avenue, SE
Washington, D.C. 20020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY MUHAMMAD ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case: 1:08-cv-00859 |
| v. ) | Judge Paul L. Friedman |
| ) | Next Event: Answer to Complaint |
| DISTRICT OF COLUMBIA, *et al.*, ) | August 1, 2008 |
| ) | |
|    Defendants. ) | |

# **ORDER**

Upon consideration of the Defendant District of Columbia's Motion for Summary Judgment, any Opposition thereto, the record herein, and for the reasons stated in defendant's motion it is by the Court this _____ day of _____, 2008,

ORDERED: that the defendant's Motion is GRANTED; and it is

FURTHER ORDERED: judgment is entered in favor of Defendants District of Columbia, Mayor Adrian Fenty, and Cathy Lanier.

_____
PAUL L. FRIEDMAN,
United States District Judge

Copies to:

DARRELL CHAMBERS
Office of the Attorney General
For the District of Columbia
441 4TH Street, NW, Suite 600 South
Washington, D.C. 20001

ANTHONY MUHAMMAD
Plaintiff *Pro Se*
1917 Minnesota Avenue, SE
Washington, D.C. 20020