### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

ANTHONY MUHAMMAD,      )
     **Plaintiff**          )

                    )

     **v.**              )

                    )

DISTRICT OF COLUMBIA, et al.,   )
     **Defendants.**        )

————————————————————)

**Case No. 1:08-cv-00859**
**Judge Paul L. Friedman**

**RECEIVED**

SEP − 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Anthony Muhammad, pro se, respectfully submits his response in opposition to Defendants' Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for this Opposition, Plaintiff would state the following:

1.  Plaintiff has pending before this Court a Complaint which alleges violations of his rights under 42 U.S.C. Section 1983, as well as tort allegations against a specific Defendant, Metropolitan Police Officer Danielle Santos.

2.  On or about August 1, 2008, Defendants, through counsel, filed a Motion to Dismiss the Complaint. In that motion, Defendants allege four main grounds: (A) Two Counts of the Complaint fail to state a claim upon which relief can be granted under 42 U.S.C. Sec. 1983; (B) There is no Respondeat Superior liability under Section 1983; (C) There has been no demonstration of an official policy or practice which would render the District and the Mayor liable; and (D) The doctrine of qualified immunity precludes a finding of liability against Defendants Lanier and all unidentified supervisory officers.

3.  For the reasons set forth below, Defendants' motion should be denied.

## PLAINTIFF HAS ADEQUATELY STATED CLAIMS AS REQUIRED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

In his Complaint, Plaintiff alleged that he was forcibly pushed by Defendant Santos during his attendance of the "Georgia Avenue Day Festivities" on June 23, 2007. This act occurred while Defendant Santos was present in her capacity as a Metropolitan Police officer. Plaintiff's recitation of facts met the requirements needed to withstand a Rule 12(b)(6) dismissal because it was "a short plain statement of the claim, that will give the defendant[s] fair notice of what the plaintiff's claim is..." Conley v. Gibson, 355 U.S. 41 (1957).

In this case, Plaintiff has set forth the elements of civil assault against Defendant. By pushing Plaintiff in the manner that she did, Defendant Santos placed Plaintiff in "imminent apprehension of a harmful or offensive contact". Rogers v. Loews L'Enfant Plaza Hotel, 526 F.Supp.523 (D.D.C. 1981); Restatement (2nd) of Torts, Sections 13, 18, 19, 21 (1977). The fact that the contact was brief, and did not result in physical injury, does not invalidate Plaintiff's claim since the assault claimed here is a civil, not criminal allegation. Morisette v. United States, 342 U.S. 246 (1952). If Defendant Santos committed the act alleged, then Defendants District of Columbia, Mayor Fenty, MPD Chief Lanier and other, unidentified supervisory MPD officers may, under certain circumstances, be liable for damages. This liability may be found if Defendant Santos exercised her power under "color of law", even if the officer abused her position. West v. Atkins, 487 U.S. 42 (1988).

## PLAINTIFF'S COMPLAINT HAS SET FORTH THE REQUIRED STATUTORY CLAIMS UNDER 42 U.S.C. SECTION 1983

In their motion, Defendants allege that Plaintiff's 42 U.S.C. Section 1983 claims must fail because he failed to allege any statutory or Constitutional violations. In attending the "Georgia Avenue Day" festivities, Plaintiff was exercising his rights as a citizen under both the First Amendment of the United States Constitution and D.C. Code Section 5-333.02. Specifically, Plaintiff was exercising his rights of association and assembly. D.C. Code Section 5-333.02 guarantees the right to attend any "demonstration, rally, parade or other similar gathering conducted for the purpose of expressing their political, social, or religious views". (emphasis added). In this case, while the "Georgia Avenue Day" events described are known primarily for their music and food elements, this parade and gathering also features social and cultural speeches and discussion. This would bring this event into the category of a protected gathering under Section 5-333.02, and the First Amendment.

In addition, the D.C. Code specifically provides that "the standards for police conduct set forth in this subsection may be relied upon by ... persons in any action alleging violations of statutory or common law rights". D.C. Code Section 5-331.17.

The D.C. Code also requires that the Chief of Police (Defendant Lanier) "ensure that all relevant MPD personnel including command staff, supervisory personnel, and line officers, are provided regular and periodic training on the handling of, and response to, First Amendment assemblies". D.C. Code Section 5-331.15. Plaintiff should be allowed to explore whether any of the Defendants violated this statutory responsibility in this case.

-3-

## DISMISSAL OF ANY OF THE COUNTS OF THE COMPLAINT AT THIS STAGE OF THE PROCEEDINGS WOULD BE PREMATURE

In their motion, Defendants District of Columbia, Fenty, and Lanier ask that certain counts of the Complaint be dismissed against them under the "qualified immunity" argument. The Defendants argue that Plaintiff has failed to show an official custom or policy of denying citizens of their rights.

To address the issue of qualified immunity, the Court must make a factual determination as to whether the defendants acted reasonably. Behrens v. Pelletier, 516 U.S. 299 (1966); Hunter v. Bryant, 502 U.S. 224 (1991). In this case, the Court must determine not only whether there is a "custom or policy" of violating citizens' rights, but also whether there was a "deliberate indifference" to an obvious need for officer training in situations such as "Georgia Avenue Day". Plaintiff should be permitted to explore these questions through the Discovery process, and should not have any of his claims dismissed at this stage.

Most importantly, Plaintiff has information that Officer Santos has been the subject of at least fourteen (14) other citizens' complaints. Thirteen of these complaints, Plaintiff believes, were filed before the incident at issue in this case. At a D.C. Council hearing on November 30, 2007, Plaintiff (an ANC member) heard D.C. Council Member Phil Mendelson acknowledge that his office had received numerous complaints of misconduct against Officer Santos. Plaintiff should be allowed the opportunity to develop his case by investigating: (1) the policies of the Metropolitan Police Department; (2) Officer Santos' disciplinary record; and (3) the history of complaints against Santos and/or any of her supervising officers. Plaintiff will expect to show a pattern of misconduct by Officer Santos, and a "deliberate indifference" by supervisors to an obvious need for further

training or disciplinary actions against Officer Santos in particular, and other officers generally. City of Canton v. Harris, 489 U.S. 378 (1989).

Should the Court find that any of the Defendants' arguments have merit, the Federal Rules provide for dismissal of claims at a later stage. This Court can dismiss claims under Rule 12(b)(6) at any point during the proceedings, or    grant a Motion for Summary Judgment in favor of the Defendants at a later time.

## DEFENDANT SANTOS WAS TO BE SERVED UNDER THE COURT'S IN FORMA PAUPERIS PROVISIONS

In their motion, the Defendants allege that, to date, Defendant Danielle Santos has <u>not been formally served</u> with a Summons and Complaint in this matter. Plaintiff has brought these claims under this court's In Forma Pauperis provisions. As such, it is Plaintiff's understanding that all Defendants in this matter were to be served through the Court system.

## CONCLUSION

The Courts have consistently held that a Rule 12(b)(6) motion should be viewed in the light most favorable to the Plaintiff. Nothing in the Defendants' motion states a reason for this Court to abandon that principle in this case. For the reasons stated above, Defendants' Motion to Dismiss the Complaint should be DENIED.

Respectfully submitted,

Anthony Muhammad
Plaintiff Pro Se
1917 Minnesota Avenue, S.E.
Washington, D.C. 20020
(202) 889-5168

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss was mailed, 1st class postage prepaid, to Counsel for Defendants, Darrell Chambers, Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 600 South, Washington, D.C. 20001, this  2ND day of  SEPT. , 2008.

Anthony Muhammad

-6-