UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ANTHONY MUHAMMAD,                   )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 08-0859 (PLF)
                                    )
DISTRICT OF COLUMBIA et al.,        )
                                    )
            Defendants.             )
_____ )

MEMORANDUM OPINION

In this civil rights action brought under 42 U.S.C. § 1983 and the common law, the plaintiff, proceeding pro se, alleges that an officer of the District of Columbia Metropolitan Police Department ("MPD") yelled at him and "forcefully pushed" him during an encounter on June 23, 2007. Compl. ¶ 13. In addition to suing police officer Danielle Santos in Count One of the Complaint, in Count Two, the plaintiff sues the District of Columbia, Mayor Adrian Fenty in his official and individual capacity, MPD Police Chief Cathy Lanier in her official and individual capacity, and "Unidentified Supervisory Metropolitan Police Officers." Compl. Caption. The District of Columbia, Mayor Fenty and Chief Lanier have moved jointly to dismiss Count Two of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the complaint, the defendants' motion and the plaintiff's opposition, the Court will grant the motion to dismiss the claims against Mayor Fenty and Chief Lanier and will deny the motion to dismiss the claims against the District of Columbia.

I.  FACTUAL ALLEGATIONS

The plaintiff alleges that "[o]n or about June 23, 2007, at approximately 4:50 p.m., [he] was present at the 'Georgia Avenue Day' festivities on Georgia Avenue, N.W., in Washington, D.C." Compl. ¶ 11.  While he and an associate were "walking in the street, heading northbound on Georgia Avenue," id., Officer Santos, while riding her bike, "yelled to Plaintiff, 'Get on the sidewalk!'" Id. ¶ 13.  She then "without provocation, and without justification, forcefully pushed Plaintiff with her hands" in the presence of the plaintiff's associate and "numerous onlookers and patrons of the 'Georgia Avenue Day' events." Id.  In response to the plaintiff's protest against being pushed, Santos allegedly stated: "'I'm the police, that's why!'" Id. ¶ 14.

II.  DISCUSSION

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation.  Bell Atlantic Corp. v. Twombly, ___U.S.___, 127 S.Ct. 1955, 1969 (2007); see Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Bell Atlantic Corp. v. Twombly, ___U.S.___, 127 S.Ct. at 1964-65 (citations omitted).

The movants seek dismissal of Count Two of the complaint, captioned "Violations of 42 U.S.C. 1983 Refusing or Neglecting to Prevent," Compl. at 4, on the ground that it fails to state a claim upon which relief may be granted under Section 1983. They assert that the complaint does not present a basis for municipal liability and that Mayor Fenty, Chief Lanier and the unidentified supervisory officers are shielded by qualified immunity. The Court will not reach the question of whether the individually named defendants are shielded by qualified immunity because, as discussed next, the complaint does not state a Section 1983 claim against Mayor Fenty or Chief Lanier in his or her personal capacity.

In a Section 1983 action, the complaint survives a motion to dismiss if it establishes the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law, including District of Columbia law. 42 U.S.C. § 1983. As a general rule, government officials are personally liable under Section 1983 for constitutional violations only if they are shown to have been directly involved in the wrongful acts. See Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993); Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996) (citing cases); Price v. Kelly, 847 F. Supp. 163, 169 (D.D.C. 1994), aff'd, 56 F.3d 1531 (D.C. Cir. 1995). A municipality may be liable under Section 1983 if it is shown that the wrongdoing resulted from an unconstitutional policy, practice or custom promulgated or sanctioned by the municipality. See Triplett v. District of Columbia, 108 F.3d 1450, 1453 (D.C. Cir. 1997); Meyer v. Reno 911 F. Supp. at 15 (citing cases).

*A. The Plaintiff Fails to State an Individual-Capacity Claim Against Fenty and Lanier*

In Count Two of the complaint, the plaintiff asserts that Officer Santos "was acting under the control and direction of Defendant Lanier, certain unnamed supervisors, and the District of Columbia, through its Mayor, Defendant Fenty." Compl. ¶ 19. He seeks to hold the aforementioned officials personally liable for allegedly "fail[ing] to properly instruct, supervise, train, control and discipline Defendant Santos in the performance of her duties," id. ¶ 20, and "under the doctrine of Respondeat Superior," id. ¶ 21.  It is established, however, that government officials may not be held personally liable under Section 1983 for claims based on a respondeat superior theory, see Rice v. District of Columbia Public Defender Service, 531 F. Supp.2d 202, 204 (D.D.C. 2008) (citations omitted), and that a Section 1983 claim based on a theory of supervisory liability "must allege that the official 'was [directly] responsible for supervising the wrongdoer.'" Brown v. District of Columbia, 514 F.3d 1279, 1285 (D.C. Cir. 2008) (quoting Haynesworth v. Miller, 820 F.2d 1245, 1262 (D.C. Cir. 1987)).[1]  As is the situation here, "any § 1983 . . . claims against [] defendants [] whose only relationship to the [] litigation is their ultimate supervisory status [] must be dismissed." Meyer v. Reno, 977 F. Supp. 11 at 15.

Accordingly, the Court grants the defendants' Rule 12(b)(6) motion to dismiss the complaint against Mayor Fenty and Chief Lanier in their individual capacity. The Court declines to entertain under its supplemental jurisdiction the plaintiff's common law claim of negligence against these defendants.

---

[1] Because the latter theory could apply to the "Unidentified Supervisory Metropolitan Police Officers," whom the plaintiff has yet to identify, the Court will not dismiss the complaint against these defendants at this early stage of the proceedings.

4

*2. The Plaintiff States a Municipal Liability Claim*

"A section 1983 suit for damages against municipal officials in their official capacities is [the] equivalent [of] a suit against the municipality itself." Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) (citation omitted). A "municipality can be liable as a 'person' under section 1983 . . . when execution of a government's policy or custom . . . inflicts [an] injury" Id. at 420 (citing Monell v. Department of Social Services, 436 U.S. 658, 690-91, 694 (1978)) (internal quotation marks omitted) (ellipses and brackets in original). "[I]n considering whether a plaintiff has stated a claim for municipal liability . . . the court [first] must determine whether the complaint states a claim for a predicate constitutional violation. . . . [and] if so, then . . . determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003); see also Feirson v. District of Columbia, 506 F.3d 1063, 1066 (D.C. Cir. 2007).

The plaintiff alleges that Officer Santos "purposely interfered with [his] liberty interests, his ability to freely exercise his right to travel on a public thoroughfare, and his quiet enjoyment of a public event." Compl. ¶ 17. He therefore has sufficiently pleaded violations of the First Amendment "right of the people peaceably to assemble," U.S. Const. amend. 1, and the Fifth Amendment right not to be deprived of liberty without due process of law. See City of Chicago v. Morales, 527 U.S. 41, 53 (1999) (identifying the "'right to remove from one place to another according to inclination' as 'an attribute of personal liberty' protected by the Constitution") (quoting Williams v. Fears, 179 U.S. 270, 274 (1900)).

The Court now must determine whether the plaintiff has sufficiently pleaded a municipal custom or policy as the driving force behind Santos' alleged misbehavior. "There are

a number of ways in which a 'policy' can be set by a municipality to cause it to be liable under § 1983." Baker v. District of Columbia, 326 F.3d at 1306.  One way is the government's failure "to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations." Id. (citations omitted); see also Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).  "Deliberate indifference is determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations."  Baker v. District of Columbia, 326 F.3d  at 1307 (citation omitted).  For example, "the frequency of constitutional violations makes the need for further training . . . plainly obvious to the city policymakers." Atchinson v. District of Columbia, 73 F.3d at 421 (citation and internal quotation marks omitted) (ellipsis in original).  Moreover, "[c]ausation would exist if, for instance, the municipality or one of its policymakers explicitly adopted the policy that was 'the moving force of the constitutional violation'. . . . Or a policymaker could knowingly ignore a practice that was consistent enough to constitute custom." Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004) (citations omitted).  Under the preceding examples, "the absence of proper supervision, training and discipline . . . is enough to demonstrate deliberate indifference and may form the basis of a [constitutional] claim." Thomas v. District of Columbia, 887 F. Supp. 1, 4 (D.D.C. 1995) (citation omitted).

In his opposition, the plaintiff, who identifies himself as an Advisory Neighborhood Commissioner, claims that he "has information that Officer Santos has been the subject of at least fourteen (14) other citizens' complaints," thirteen of which were filed before his encounter with her. Plaintiff's Opposition to Defendants' Motion to Dismiss at 4.  He states

that following a period of discovery, he "will expect to show a pattern of misconduct by Officer Santos, and a 'deliberate indifference' by supervisors to an obvious need for further training or disciplinary actions against Officer Santos . . . and other officers." Id. at 4-5.  If the plaintiff is successful, the District could be subject to liability under Section 1983 for failing to respond to a known risk of constitutional violations.  The Court therefore concludes that the plaintiff has provided sufficient information to survive the District's Rule 12(b)(6) motion to dismiss.  See Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) ("On the record at hand, we hold that the District Court abused its discretion in failing to consider [the plaintiff's pro se] complaint in light of his reply to the motion to dismiss.") (citation omitted).

For the foregoing reasons, the Court grants in part and denies in part the Defendants' Motion to Dismiss.  A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 4, 2008